Richard L. Coleman and Another, as Executors, etc., of Louis J. Weinstein, Deceased, Respondents, v. Herman Dorsen and Another, Appellants.—Action to recover $5,878 and interest for breach of an oral contract. The complaint alleges an agreement between plaintiffs and defendants whereby defendants promised plaintiffs that in consideration of services to be rendered by one Simeon Goodelman to defendants in connection with a certain drug store, known as the Theresa Pharmacy, they would pay to plaintiffs the aforesaid sum. The complaint further alleges that pursuant to that agreement said services were rendered by Goodelman, but that defendants refused to pay said sum to plaintiffs. Judgment affirmed, with costs. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.; Martin, P. J., and McAvoy, J., dissent and vote to reverse and dismiss the complaint.

In the Matter of the Application of Edward Miller, Petitioner, for an Order of Certiorari against Russell Forbes, as Commissioner of the Department of Purchase of the City of New York, Respondent.— Order of certiorari to review the determination of the commissioner of the department of purchase of the city of New York in dismissing the petitioner from the position which he held as auto-engineman in said department, unanimously dismissed, and the determination of the respondent confirmed, with fifty dollars costs and disbursements to the respondent. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.

Elsie H. Peck, as Executrix, etc., of George Peck, Deceased, Appellant, v. 7 Highland Place Corporation, Respondent.—Action to recover damages for the death of plaintiff's testator caused by reason of the alleged negligence of defendant. The complaint alleges that plaintiff's testator, while walking with his wife on the sixth floor of premises 7 Highland place, Yonkers, N. Y., owned and controlled by defendant, to their apartment on said floor, tripped and was caught in a depression in said floor and was precipitated to the floor, sustaining injuries which resulted in his death about two weeks later. Judgment entered on a verdict in favor of defendant unanimously affirmed, with costs. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.

In the Matter of the Application of William H. (Grant) Clark and Edmund J. Clark, as Distributees of the Estate of William H. Clark, Deceased, and of William H. (Grant) Clark, as Administrator of the Estate of Mary S. Clark, Deceased, for the Final Distribution of the Funds Heretofore Deposited with the City Chamberlain of the City of New York, Pursuant to a Decree of the Surrogate's Court in Matters Relating to the Estate of William H. Clark, Deceased. —Appeal by petitioners from so much of a decree of the Surrogate's Court, New York county, as denies their application for payment to them of a certain fund now on deposit with the city chamberlain of the city of New York, subject to the order of the creditors of the estate of William H. Clark, deceased, entitled thereto. This fund has remained unclaimed for more than twenty-five years. Petitioners, sons of William H. Clark, now claim this fund and assert their title to it under the provisions of section 110 of Real Property Law. Decree, so far as appealed from, affirmed, with costs. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.